IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL A. HADLEY, SR.,

                Petitioner,

v.

MICHAEL HAAKENSON and
ROCK COUNTY CHILD SUPPORT COUNSEL,

                Respondents.

ORDER

18-cv-600-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Michael Hadley, Sr. has filed a *pro se* petition for a writ of habeas corpus in which he appears to be challenging a child support determination made by the Wisconsin Department of Children and Family Services and enforced by the Circuit Court for Rock County. He has paid the $5 filing fee, so his petition is ready for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases. (This rule also may be applied to habeas petitions not brought under § 2254, such as petitions pursuant to § 2241. Rule 1(b), Rules Governing § 2254 Cases). Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. See also 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted, unless application makes it clear that petitioner is not entitled to relief).

After reviewing petitioner's submissions and relevant court records, I conclude that habeas relief is not available to petitioner, and that his petition would not state a claim for a violation of his civil rights.

OPINION

The petition does not include many helpful allegations. However, from the documents attached to the petition and court records available online, I understand petitioner to be alleging that the Wisconsin Department of Children and Families's determination of his child support obligations and a child support order entered by the Circuit Court for Rock County (case no. 2016FA497) violates his constitutional rights, in particular those under the due process clause of the Fourteenth Amendment. He requests habeas relief. However, federal habeas corpus is a procedure under which a court may review the legality of an individual's incarceration. E.g., Rule 1, Rules Governing § 2254 Cases (habeas relief reservedfor people who are "in custody under a state-court o federal-court judgment"). Petitioner is not in custody and does not allege that he will be in custody in the future. Therefore, he does not have a habeas corpus claim.

Even if I were to construe the petition as a civil rights complaint under 42 U.S.C. § 1983, it would fail. Petitioner seems to be asking the court to examine and overturn a state agency administrative decision and a child support order. However, that kind of review is barred under the doctrine announced in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413,

416 (1923). Brown v. Bowman, 668 F.3d 437, 442 (7th Cir. 2012) ("Rooker-Feldman prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced.") (internal citations and quotation marks omitted). Because the facts that petitioner alleges are insufficient to state a claim for relief, I must dismiss his petition. Any relief from the child support order must come from the state court with jurisdiction over the case.

ORDER

IT IS ORDERED that petitioner Michael Hadley, Sr.'s petition for a writ of habeas corpus, dkt. #1, is DISMISSED. The clerk of court is directed to close this case.

Entered this 20th day of September, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge